No. 23,363.

AMELIA F. EHRHART et al., *Appellees,* v. NICHOLAS J. EHRHART et al., *Appellants.*

### SYLLABUS BY THE COURT.

TENANT IN COMMON — *Action to Set Aside Fraudulent Deed — Partition.*
Mary Amelia Ehrhart died in August, 1904, leaving surviving her three children who are the plaintiffs, and her husband, the defendant, who is their father. At her death she owned eighty acres of land by a conveyance from her parents made in 1903 on the condition that she should pay the grantors on the first day of January of each year during the lifetime of the grantors, or either of them, not less than $80 nor more than $100. Time was made the essence of the contract, and the failure to make the payments punctually made the contract void. After her death the defendant continued to reside on the land and made the annual payments until January 1, 1919, when he made default. The children in the meantime had left home. On September 3, 1919, the defendant obtained from the grandfather of the plaintiffs, the surviving grantor in the first deed, a quitclaim deed which recited that it was made in lieu of the former deed and because the conditions of the former deed had been broken. It provided for the same payments as the first deed. In an action brought by the children to set aside the second deed and to obtain their rights, it is held that the evidence was sufficient to sustain a finding that upon the death of Mary Amelia Ehrhart, the defendant and plaintiffs became the owners as tenants in common subject only to

the interest of the grantors; that by the second deed the defendant acquired no right or interest to the exclusion of his children, and that, subject to the rights of the surviving grantor, each of the plaintiffs is the owner of an undivided one-sixth interest, and the defendant of an undivided one-half interest.

Appeal from Jackson district court; JAMES H. WENDORFF, judge. Opinion filed March 11, 1922. Affirmed.

*Floyd W. Hobbs,* of Holton, and *A. E. Crane,* of Topeka, for the appellants.
*E. R. Sloan,* of Holton, *Lee Monroe, Guy L. Hursh,* and *C. M. Monroe,* all of Topeka, for the appellees.

The opinion of the court was delivered by

PORTER, J.: On January 12, 1903, Jacob Bausch and wife conveyed by warranty deed eighty acres of land in Jackson county to their daughter, Mary Amelia Ehrhart, on the express conditions that the grantee should pay the grantors on the first day of January of each year during the lifetime of the grantors or either of them "not less than $80 nor more than $100 or so much thereof as said grantors may elect to charge." Time was expressly made the essence of the contract, and it was agreed that if the grantee "shall fail to make the payments herein specified, and each of them, punctually upon the strict terms and time above limited" the deed should, so far as it bound the grantors become "utterly null and void," and all rights of the grantee should "entirely cease and determine and revert to and revest in said grantors, without any declaration of forfeiture or act of reëntry, or any other acts to be performed by said grantors." On the delivery of the deed, Mary Amelia Ehrhart, who was the wife of Nicholas Ehrhart, defendant, took possession. She died in August, 1904, and left surviving, the husband and three children. The family continued to reside on the land, but as the children grew older trouble arose between them and their father, and they left home. For fifteen years, the defendant, Nicholas Ehrhart, complied with the conditions of the deed and made the annual payments but failed to pay the money due on January 1, 1919. On September 3, 1919, Jacob Bausch, grandfather of the plaintiffs, grantor in the first deed, executed and delivered to Nicholas Ehrhart a quitclaim deed to the land which contained the following condition:

"This deed is made in lieu of the deed made by grantor and wife for said described premises to Mary Amelia K. Bausch Ehrhart, March 3, 1903, the conditions of said deed having been broken in that the sum of money therein provided to be paid the first day of January each year remains unpaid from

January 1, 1919, by reason of which grantee demanded possession of said real estate and reëntered and possessed the same, and being in possession thereof this deed is made and upon the conditions also, that the grantee, Nicholas J. Ehrhart, shall pay to first party, grantor, not less than $80, nor more than $100, on the first day of January each year during first party's life and failing to do so, first party may immediately reënter said real estate and possess the same without notice to second party."

O. J. Bausch was appointed guardian for the two minor children of defendant, and this action was brought October 27, 1919. The petition alleged that defendant has had the use of the land and received the rents and profits which at all times were more than sufficient to pay the sums of money provided for in the first deed; that plaintiffs depended and trusted him to make the payment falling due January 1, 1919, but that with the fraudulent intent of obtaining title to the real estate and depriving his children of their interest, he failed without their knowledge to make that payment. It was alleged that Jacob Bausch was past eighty years of age and in feeble health, and that the defendant took advantage of his condition and falsely and fraudulently represented to him that he was unable to pay the money due under the terms of the deed of 1903, and insisted upon Jacob Bausch declaring a forfeiture; and that he, with the fraudulent purpose of depriving plaintiffs of their interests, agreed to declare a forfeiture, but that Jacob Bausch had never in fact demanded possession of the real estate, and had never entered upon or taken possession of the same. The petition asked that the second deed be set aside; that the real estate be partitioned and that plaintiffs have such relief as equity demanded. Issues were joined and the cause was tried. The court rendered judgment against Nicholas Ehrhart and he appeals.

The guardian, who is a nephew of the mother of the children, testified that the rental value of the land in controversy is $250; he had a talk with old man Bausch just before the suit was brought; "he told me why he forfeited the deed; he said he was not getting rent; Ehrhart would not pay with that kind of a deed and wanted another deed, and so he gave him another one."

The daughter, Amelia Ehrhart, testified that she was eight years old when her mother died; she did the housework and received her schooling and clothes; she quit going to school when she was fourteen. Because of some difference with her father, she left home when she was nineteen and has since worked for herself.

The boys testified in substance that they were living on the farm until after the second deed was made; no notice was served on them to leave the farm; their father did not move away at any time; they supposed their father was paying $100 each year to the grandfather; they did not know that they had any interest in the land, and for that reason did not pay any attention to it; both left home because of disagreements with their father.

It is insisted that the provision in the first deed making time the essence of the contract, and the admitted failure to make the payment due on January 1, 1919, authorized Jacob Bausch to forfeit the deed. Authorities are cited in support of the contention that he might have maintained a suit in ejectment at any time after the failure to make the payment due in 1919. Conceding, for the purposes of the argument, that he might have maintained such an action (see, however, *Holman v. Joslin,* ante, p. 674; *Luther v. Hekking,* ante, p. 478), he would have no right to enter into an arrangement with the defendant for a colorable forfeiture with the purpose of defeating the rights of the plaintiffs who were tenants in common with the defendant.

Complaint is made that the evidence fails to disclose a willingness on the part of the children to make the payment due at the time the second deed was made, or to tender any payment; that no evidence was offered to show that Jacob Bausch was mentally incompetent to make the deed of 1913; that no evidence was offered to show that there was a fraudulent purpose upon the part of the defendant and Jacob Bausch to declare a forfeiture.

The findings of the court are that upon the death of Mary Amelia Bausch the defendant and the plaintiffs, as her heirs at law, became the owners as tenants in common of the real estate, subject to the interest of the grantors in the deed; that by the execution and delivery of the deed of September 3, 1919, Nicholas J. Ehrhart acquired no right or title to the exclusion of the interest of the plaintiffs; that any interest he acquired by the last deed is held by him for the use and benefit of himself and the plaintiffs, and that the only interest of Jacob Bausch, the grandfather, is the interest reserved in the deed. It was held that, subject to the rights of Jacob Bausch, each of the plaintiffs is the owner of an undivided one-sixth interest, and Nicholas Ehrhart is the owner of an undivided one-half interest.

We think the evidence sustains the findings. It was not necessary to prove every allegation in the petition. Sufficient was proven to show that there was merely a pretended forfeiture, and that it would be unconscionable and inequitable to permit the father of these children and their grandfather to forfeit their interests in the property.

The judgment is affirmed.